UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY FRANCO,

Plaintiff,

-against-

SHER HERMAN BOLLONE TIPOGRAPH, P.C.; STATE OF NEW YORK WORKERS COMPENSATION BOARD; GALLAGHER BASSETT SERVICES INC.,

Defendants.

26-CV-2265 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that he is not receiving the full amount of workers compensation benefits to which he is entitled. By Order dated June 10, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) The Court dismisses Plaintiff's complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true,but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against the New York State Workers' Compensation Board ("WCB"), Sher Herman Bollone Tipograph, P.C., and Gallagher Bassett Services Inc. The following facts are drawn from the complaint.[1] In 2023, Plaintiff had "a workers compensation

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

case where the judges ruled for [his] payments to be $494 a week." (ECF 1 at 2.) Plaintiff asserts he has been receiving only $395 per week.[2] (*Id.*) Plaintiff asks this Court "to review" his complaint because he "has raised the issue multiple times," but the matter has not been resolved, and he seeks retroactive payments in the correct amount. (*Id.* at 6.)

Attached to the complaint is an undated letter that Plaintiff wrote to an administrative law judge with the WCB raising other issues, including that: (1) he did not receive his "increase in pay" or retroactive payments; (2) he had "two legal firms represent him prior to [his] current legal counsel," and they "were not removed from" his case and continued to bill him; and (3) he did not receive checks to which he was entitled from 2018, 2019, and 2020. (*Id.* at 16-17.)

Attachments to the complaint suggest that Sher Herman Bollone Tipograph, P.C. is a law firm and that Gallagher Basset Services, Inc. is a claim administrator, but Plaintiff makes no specific allegations against them. (*See id.* at 16, 18.)

## DISCUSSION

### A. Issues with the named defendants

#### 1. WCB

The Court construes Plaintiff's complaint as asserting claims, under 42 U.S.C. § 1983, that Defendants violated Plaintiff's federal constitutional rights in the course of workers' compensation proceedings. *See, e.g.*, *Petre v. NYS Workers' Comp. Bd.*, No. 23-CV-1641, 2025

[2] Attached to the complaint is an August 3, 2023, decision from the Administrative Review Division of the WCB. (*Id.* at 8-15.) That decision affirmed a January 13, 2023, decision from an administrative law judge finding Plaintiff "had an overall 80% temporary partial disability" from February 8, 2017 through February 12, 2018, and November 8, 2018 through February 5, 2021. (*Id.* at 15.)

WL 1311033, at *2 (E.D.N.Y. May 6, 2025) (construing claims against the WCB as arising under Section 1983).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). The immunity recognized by the Eleventh Amendment "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (alteration and citation omitted). New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).

Because the WCB is an arm of the State of New York, the Eleventh Amendment bars Plaintiff from pursuing his Section 1983 claims against this defendant.. *Palma v. Workers Comp. Bd. of N.Y.*, 151 F. App'x 20, 21-22 (2d Cir. 2005) (affirming the finding that the New York State Workers' Compensation Board is entitled to sovereign immunity under the Eleventh Amendment). Accordingly, the Court dismisses Plaintiff's Section 1983 claims against the WCB based on Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**2. Private defendants**

To state a claim under Section 1983, a plaintiff must allege that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d

307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendants Sher Herman Bollone Tipograph, P.C. and Gallagher Bassett Services Inc. are private entities and Plaintiff does not allege that they were engaged in state action. *See Petre*, 2025 WL 1311033, at *4 (explaining that the plaintiff failed to allege facts showing that the private defendants acted under color of law, or "clear" the "high bar" of showing that they "acted in concert with [a] state actor to commit an unconstitutional act"). The Court therefore dismisses Plaintiff's Section 1983 claims against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims arising from WCB proceedings**

Plaintiff claims that he is not receiving the full amount of compensation he was awarded, in connection with his WCB proceedings. For employees covered by New York Workers' Compensation Law, that statutory scheme provides the exclusive remedy for workplace injuries, and such claims must be adjudicated by the WCB. *See* N.Y. Workers' Comp. Law §§ 10, 11, 23, 29(6); *see also Ashley v. Eastchester Police Dep't*, No. 10-CV-7952 (VB), 2012 WL 234399, at *3 (S.D.N.Y. Jan. 6, 2012) (noting that because the Workers' Compensation Law provides exclusive remedy, there is no federal claim over which the federal court has jurisdiction); *Fouchécourt v. Metro. Opera Assoc.*, 537 F. Supp. 2d 629, 631 (S.D.N.Y. 2008) (explaining that for "covered 'employees,' the Workers' Compensation Law provides the exclusive remedy as against the 'employer.'" (citation omitted)); *Arroyo v. WestLB Admin., Inc.*, 54 F. Supp. 2d 224, 232 (S.D.N.Y. 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000) ("In New York, recovery for accidental injuries arising out of and in the course of employment . . . is governed by the Workers' Compensation Law.").

The procedure for Workers' Compensation Hearings and Appeals is set forth on the WCB website. As to Plaintiff's contention that he is not receiving the full amount of the benefits he was awarded, his remedy is to seek enforcement of the original determination by filing a RFA-1W ("Request for Assistance") form. According to the WCB website, this is the appropriate form to be used when a claimant's "payments have been stopped or reduced and you don't think they should have been;"[3] *cf. Lambert v Manhattan and Bronx Surface Trans. Oper. Auth.,* 180 N.Y.S.3d 340, 342, 2022 WL 17683483 (3 Dep't, Dec. 15, 2022) (noting that claimant filed RFA form seeking to be paid amount owed in a lump sum).

Judicial review of WCB administrative decisions is available in the New York State Supreme Court, Appellate Division, Third Department. *See* WCL § 23; *Howery v. Chanis*, No. 16-CV-7182, 2017 WL 2773594, at *1 (E.D.N.Y. June 26, 2017) (explaining that the New York State Legislature "designated a single court for appellative review to establish a judicial forum with 'specific expertise to deal with the complexity" of the issues presented in workers' compensation cases" (quoting *Liberty Mutual Ins. Co. v. Hurlbut*, 585 F.3d 639, 642 (2d Cir. 2009)). Review of any adverse decision in the state court is the available remedy, not a lawsuit in federal court. *See Surgicore Surgical Center, LLC v. Liberty Mutual Insurance Company*, No. 23-CV-7462, 2024 WL 3835149, at *2 (E.D.N.Y. Aug. 15, 2024) (explaining that "[f]urther review may be sought in the New York State Court of Appeals").

The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] https://perma.cc/Q8LC-PLA4.

[4] This dismissal is without prejudice to any relief Plaintiff may seek administratively or in the state court.

**C. State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011);*Lucente v. Int'l Bus. Machs. Corp*., 310 F.3d 243, 258 (2d Cir. 2002).. Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 30, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge